## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 17-21536-CMB |
| | ) |
| **Holly J. Stefanski,** | ) Chapter 13 |
| Debtor, | ) |
| | ) Document No. |
| **Holly J. Stefanski,** | ) |
| Movant, | ) Related to Doc. No. 33 |
| vs. | ) |
| **No Respondent.** | ) |

### Certificate of Service of Notification of Debtor's Social Security Number and the Amended Wage Attachment Order dated November 2, 2017

I certify under penalty of perjury that I served the above captioned pleadings on the following parties via NECF on November 2, 2017:

Ronda J. Winnecour, Chapter 13 Trustee cmecf@chapter13trusteewdpa.com
Office of the U.S. Trustee ustpregion03.pi.ecf@usdoj.gov

And on the following parties by first class mail on November 2, 2017:

Covestro, LLC
1 Covestro Circle
Pittsburgh, PA 15205
Attn: Payroll Office

Holly J. Stefanski
7 Dampscy Way
Imperial, PA 15126

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

EXECUTED ON: 11/02/17         s/Francis E. Corbett_____
**Francis E. Corbett, Esquire, PA I.D. #37594**
**fcorbett@fcorbettlaw.com**
**310 Grant Street, Suite 1420**
**Pittsburgh, PA  15219-2230**
**(412) 456-1882**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No. 17-21536-CMB** |
| | ) |
| **Holly J. Stefanski,** | ) **Chapter 13** |
|     **Debtor,** | ) |
| | ) **Document No.** |
| **Holly J. Stefanski,** | ) |
|     **Movant,** | ) **Related to Doc. No. 33** |
|       **vs.** | ) |
|     **No Respondent.** | ) |

### NOTIFICATION OF DEBTOR'S SOCIAL SECURITY NUMBER

Name of employer or other party subject to wage attachment: Covestro, LLC

Debtor's name: Holly J. Stefanski

Debtor's nine digit social security number: xxx-xx-7958 (full number on Notification to Employer)

Debtor's address: 7 Dampscy Way, Imperial, PA 15126

This notification is accompanied by a Wage Attachment Order issued by a United States Bankruptcy Judge regarding attachment of the Debtor's wages. The Debtor's social security number is being provided to assist in complying with the Court Order.

**Date:   11/02/17**                                                         s/ Francis E. Corbett_____
                                                                                        **Francis E. Corbett, Esquire   PA I.D. #37594**
                                                                                        **fcorbett@fcorbettlaw.com**
                                                                                        **310 Grant Street, Suite 1420**
                                                                                        **Pittsburgh, PA  15219-2230**
                                                                                        **(412) 456-1882**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 17-21536-CMB |
| | ) |
| Holly J. Stefanski, | ) Chapter 13 |
| **Debtor,** | ) |
| | ) Document No. 31 |
| Holly J. Stefanski, | ) |
| **Movant,** | ) |
| vs. | ) |
| **No Respondent.** | ) |

### AMENDED ORDER TO PAY TRUSTEE PURSUANT TO WAGE ATTACHMENT

The above-named Debtors having filed a Chapter 13 petition and Debtor, Holly J. Stefanski, having moved to attach wages to fund the Chapter 13 Plan:

IT IS, THEREFORE, ORDERED that until further order of this Court, the entity from which the Debtor receives income:

Covestro, LLC
1 Covestro Circle
Pittsburgh, PA 15205

shall deduct from that income the sum of $300.00 every 2 weeks, beginning on the next pay day following receipt of this order and shall deduct a similar amount each pay period thereafter, including any period for which the Debtor receives a periodic or lump sum payment as a result of vacation, termination, or other benefit arising out of present or past employment, or from any other benefits payable to the Debtor, and shall remit the deducted sums ON AT LEAST A MONTHLY BASIS to:

RONDA J. WINNECOUR
CHAPTER 13 TRUSTEE, W.D.PA.
P.O. BOX 84051
CHICAGO, IL 60689-4002

IT IS FURTHER ORDERED that the above-named entity shall notify the Chapter 13 Trustee if the Debtor's income is terminated and the reason therefor.

IT IS FURTHER ORDERED that the Debtors shall serve this order and a copy of the Notification of Debtor's Social Security Number, Local Bankruptcy Form 12, that includes the debtor's full Social Security number on the above-named entity. Debtor shall file a certificate of service regarding service of the order and local form, but the Social Security number shall not be included on the certificate.

IT IS FURTHER ORDERED that all remaining income of the Debtor, except the amounts required to be withheld for taxes, Social Security, insurance, pension, or union dues shall be paid to the Debtor in accordance with usual payment procedures.

IT IS FURTHER ORDERED THAT NO OTHER DEDUCTIONS FOR GARNISHMENT, WAGE ASSIGNMENT, CREDIT UNION, OR OTHER PURPOSE SHALL BE MADE FROM THE INCOME OF DEBTOR WITH THE SOLE EXCEPTION OF ANY SUPPORT PAYMENTS.

IT IS FURTHER ORDERED that this order supersedes previous orders made to the above-named entity in this case.

IT IS FURTHER ORDERED that the above-named entity shall not charge any fee to the Debtor for the administration of this attachment order, except as may be allowed upon application to and order of this Court.

DATED this 2nd day of November, 2017

*Carlota M. Böhm* dmr
Carlota M. Böhm
United States Bankruptcy Judge

IT IS FURTHER ORDERED that the debtor(s) shall remain responsible for timely making all monthly plan payments to the Chapter 13 Trustee, either in whole or in part, until such time as the automatic paycheck withdrawals by the employer or other automatic attachments such as automatic bank transfers or welfare checks begin. The first Plan payment is due within thirty (30) days after the Chapter 13 Plan has been filed. Any failure to timely remit full Plan payments to the Trustee may result in the dismissal of the case after notice and hearing. Employers and others who fail to withhold funds and pay them over to the Trustee as ordered herein may be subject to sanctions including damages to debtor and this estate.

FILED
11/2/17 1:46 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA